UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANIEL P. SHEEHAN
    PLAINTIFF,

V.

TOWN OF HUDSON;
DAVID FRENCH, individually and in his
capacity as Lieutenant in the Hudson Police
Department; RICHARD BRAGA, individually
and in his capacity as Chief of the Hudson Police
Department; DAVID STEPHENS, individually and
in his capacity as Captain of the Hudson Police
Department,
    DEFENDANTS.

NO.: 12206 RGS

Complaint and Jury Demand
of the Plaintiff

MRBC

RECEIPT # _____
AMOUNT $150
SUMMONS ISSUED Yes
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. TOM
DATE 10/21/04

*filed 2004 OCT 21 P 2:58, U.S. DISTRICT COURT, DISTRICT OF MASS*

## GENERAL AND JURISDICTIONAL ALLEGATIONS

1. The Plaintiff is Daniel P. Sheehan of Hudson, Massachusetts. At all times relevant hereto, the Plaintiff was employed as a police officer by the Town of Hudson.

2. Defendant Town of Hudson is a municipal corporation duly organized under the laws of the Commonwealth of Massachusetts. Hudson is within Middlesex County.

3. Upon information and belief, Defendant David French is an individual residing in the Town of Marlboro, County of Middlesex, Commonwealth of Massachusetts. Defendant French is sued individually and in his capacity as a Lieutenant of the Hudson Police Department.

4. Defendant Richard Braga is an individual residing at 28 Maple Street in the Town of Hudson, County of Middlesex, Commonwealth of Massachusetts. He is sued individually and in his capacity as Chief of the Hudson Police Department.

5. Defendant David Stephens is an individual residing at 19 Stratton Drive in the Town of Hudson, County of Middlesex, Commonwealth of Massachusetts. He is sued individually and in his capacity as a Captain in the Hudson Police Department.

6. Jurisdiction in this matter is premised upon 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

## FACTUAL ALLEGATIONS

7. At all times relevant hereto, the Plaintiff was employed as a police officer in the Town of Hudson.

8. The Plaintiff has spoken, assembled, testified and advocated publically relative to issues of public concern regarding police services in the Town of Hudson.

9. The Plaintiff has also, on numerous occasions, spoken publically and critically regarding the management of the Hudson Police Department by the individual Defendants, including Defendant Braga.

10. The Plaintiff has also publically supported individual police officers in the Town of Hudson regarding matters such as improper discipline imposed upon them, improper bypasses, salary concerns, working conditions, internal affairs investigations, detail work, collective bargaining issues and/or Massachusetts Civil Service matters.

11. At no time did the Plaintiff's speech and/or assembly on matters of public concern interfere unreasonably or improperly with the proper, orderly or efficient operation of the Hudson Police Department.

12. Very often, the Plaintiff's public comments, testimony or advocacy as described above was inconsistent with the opinions held by the individual Defendants and/or Town of Hudson leadership.

13. In retaliation for the Plaintiff's speech, advocacy, testimony, and/or assembly as described above and in a deliberate and malicious attempt to interfere with his employment and injure the Plaintiff, the Defendants have orchestrated a systematic and malicious campaign of retaliation, intimidation and harassment against the Plaintiff designed to silence his speech, assembly, testimony and advocacy on matters of public concern as described above, force him out of his employment with the Hudson Police Department, and cause him severe emotional distress. To carry out their malicious purposes, the Defendants have, at times, employed threats, intimidation and tactics designed to coerce.

14. The Defendants conduct has included, but not been limited to, initiating false and baseless discipline against the Plaintiff including suspensions of one (1) and five (5) days and terminating the Plaintiff's employment during a period when he applied for permanent disability retirement benefits.

15. Compared with others similarly situated, the Plaintiff was selectively treated differently by the Defendants based upon the Defendants intent to inhibit or punish the exercise of Constitutional rights and/or the Defendants malicious and bad faith intent to injure him.

## COUNT ONE
## AGAINST ALL DEFENDANTS
## PREMISED UPON VIOLATIONS OF 42 U.S.C. § 1983

16. Plaintiff incorporates all previous paragraphs of this Complaint herein.

17. The Defendants conduct, all of which was under color of state law, violates, inter alia, the Plaintiff's right to free speech, due process and equal protection. The Defendant, Town of Hudson, acted pursuant to its customs and policies.

18. The Defendants, acting under color of state law, retaliated against the Plaintiff because of his speech, testimony, assembly and advocacy on matters of public concern.

19. Compared with others similarly situated, the Plaintiff was selectively treated differently by the Defendants based upon the Defendants intent to inhibit or punish the exercise of Constitutional rights and/or the Defendants malicious and bad faith intent to injure him.

20. There is no rational basis for the Defendants different treatment of the Plaintiff.

21. The actions of the Defendants shock the conscience and offend the community's sense of fair play and decency. The Defendants conduct is egregiously unacceptable and outrageous.

22. As a direct and proximate result thereof, the Plaintiff suffered damages.

## COUNT TWO
## AGAINST DEFENDANTS FRENCH, BRAGA AND STEPHENS
## PREMISED UPON VIOLATIONS OF G.L. c. 12 §§ 11H AND 11I

23. Plaintiff incorporates all previous paragraphs of this Complaint herein.

24. Defendants French, Braga and Stephens, using threats, intimidation and coercion, interfered and/or attempted to interfere with clearly established rights of the Plaintiff conferred by Federal and Massachusetts law.

25. As a direct and proximate result thereof, the Plaintiff suffered damages.

## COUNT THREE
## AGAINST DEFENDANTS FRENCH, BRAGA AND STEPHENS
## PREMISED UPON INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26.  Plaintiff incorporates all previous paragraphs of this Complaint herein.

27.  The Defendants knew or should have known that their actions would cause the Plaintiff severe emotional distress.

28.  The Defendants conduct was extreme and outrageous.

29.  The Defendants conduct caused the Plaintiff severe emotional distress.

## COUNT FOUR
## AGAINST DEFENDANTS FRENCH, BRAGA AND STEPHENS
## PREMISED UPON INTERFERENCE WITH CONTRACT AND/OR ADVANTAGEOUS RELATIONS

30.  Plaintiff incorporates all previous paragraphs of this Complaint herein.

31.  Plaintiff had a contract and/or business relationship with the Town of Hudson which contemplated economic benefit to him.

32.  The Defendants had knowledge of the Plaintiff's contract and/or business relationship.

33.  The Defendants intentionally or recklessly interfered with the contract or business relationship for an improper purpose and/or by using improper means.

34.  As a direct and proximate result thereof, the Plaintiff suffered damages.

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

a.  The Court enter Judgment in favor of the Plaintiff on all Counts;

b.  The Court award compensatory and punitive damages pursuant to the Laws of the United States of America and the Commonwealth of Massachusetts;

c.  The Court enjoin the Defendants from further interference with the Plaintiff's rights as secured by the Constitution and Laws of the United States of America and the Commonwealth of Massachusetts;

d.  The Court award the Plaintiff attorney fees and costs associated with the prosecution of this

litigation; and

e.  The Court award such other equitable or legal relief as the Court determines appropriate and just.

**THE PLAINTIFF CLAIMS A RIGHT TO JURY TRIAL ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,

_____
Gary G. Nolan, Esq.
BBO 634907
Peter J. Perroni, Esq.
BBO 634716
Nolan/Perroni, LLP
133 Merrimack Street
Lowell, MA 01852
978-454-3800