UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF MASSACHUSETTS

*FILED CLERKS OFFICE*

*2005 FEB -3  P 12: 45*

*U.S. DISTRICT COURT*
*DISTRICT OF MASS*

|  |  |
|---|---|
| DANIEL P. SHEEHAN,<br>        Plaintiff, | )<br>)<br>) |
| v. | )<br>) Civ. A. No.:  04 CV 12206-RGS<br>) |
| TOWN OF HUDSON; DAVID FRENCH,<br>individually and as Police Lieutenant; RICHARD<br>BRAGA, individually and as Police Chief; and<br>DAVID STEPHENS, individually and as Police<br>Captain;<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND JURY DEMAND OF
## DEFENDANTS TOWN OF HUDSON AND RICHARD BRAGA

### First Defense

Plaintiff's Complaint fails to state a claim against Defendants Town of Hudson ("Hudson") and Richard Braga ("Braga") upon which relief can be granted.

### Second Defense

Plaintiff's Complaint fails to state a claim against Hudson and Braga upon which relief can be granted in that Hudson and Braga have no obligation to pay Plaintiff any amount of the loss or damages alleged.

### Third Defense

Hudson and Braga respond to the allegations contained in Plaintiff's Complaint, paragraph by paragraph, as follows:

### General and Jurisdictional Allegations

1-5.    Hudson and Braga admit the allegations contained in Paragraphs 1-5.
6.      Hudson and Braga neither admit nor deny the allegations contained in Paragraph 6 as they are mere conclusions of law to which no response is required.

### Factual Allegations

7-10.   Hudson and Braga lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 7-10 and, therefore, leave Plaintiff to his proof.

11-15. Hudson and Braga deny the allegations contained in Paragraphs 11-15.

### Count One
### (Section 1983 Violation against All Defendants)

16.    Hudson and Braga repeat and make responses to Paragraphs 1-15 their responses to Paragraph 16 as if set forth herein.

17-22. Hudson and Braga deny the allegations contained in Paragraphs 17-22.

**WHEREFORE,** Hudson and Braga assert that Plaintiff's claim is without merit and that it should be dismissed.

### Count Two
### (Sections 11H and 11I against All Defendants)

23.    Hudson and Braga repeat and make responses to Paragraphs 1-22 their responses to Paragraph 23 as if set forth herein.

24-25. Hudson and Braga deny the allegations contained in Paragraphs 24-25.

**WHEREFORE,** Hudson and Braga assert that Plaintiff's claim is without merit and that it should be dismissed.

### Count Three
### (Intentional Infliction of Emotional Distress against
### Defendants Hudson, Braga, Stephens and French)

26.    Braga repeats and makes responses to Paragraphs 1-25 his responses to Paragraph 26 as if set forth herein.

26-29. Braga denies the allegations contained in Paragraphs 26-29.

**WHEREFORE,** Braga asserts that Plaintiff's claim is without merit and that it should be dismissed.

### Count Four
### (Interference with Contract or Advantageous Relations
### against Defendants Hudson, Braga, Stephens and French)

30.    Braga repeats and makes responses to Paragraphs 1-29 his responses to Paragraph 30 as if set forth herein.

31.   Braga only admits that Plaintiff was employed by Hudson as a police officer for a period of time.  Braga lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 and, therefore, leaves Plaintiff to his proof.

32.   Braga only admits that he knew Plaintiff was employed by Hudson as a police officer for a period of time.  Braga lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 and, therefore, leaves Plaintiff to his proof.

33-34.  Braga denies the allegations contained in Paragraphs 33-34.

**WHEREFORE**, Braga asserts that Plaintiff's claim is without merit and that it should be dismissed.

### Fourth Defense
Braga states that, at all material times, he acted reasonably, within the scope of their official discretion and with a good faith belief that his actions were lawful and not in violation of any clearly established statutory or Constitutional right of which a reasonable person would have known with regard to all matters set forth in the Complaint which bear on a question of state or federal law.

### Fifth Defense
Braga is protected under the doctrine of qualified immunity.

### Sixth Defense
Hudson and Braga are absolutely privileged.

### Seventh Defense
Hudson and Braga are protected by conditional privilege.  Plaintiff cannot prove recklessness, malice or excessive publication on the part of Hudson or Braga.

### Eighth Defense
Any statements attributable to Hudson or Braga are true and/or were on matters of opinion.

### Ninth Defense
Any statements attributable to Hudson or Braga are protected by the First Amendment.

### Tenth Defense
Plaintiff's claims are preempted by M.G.L. Chapter 150E and/or Section 301 of the Federal Labor Management Relations Act.  29 U.S.C. § 185(a).

### Eleventh Defense

No policy, custom or practice of Hudson caused Plaintiff's alleged Civil Rights deprivations and, therefore, Plaintiff cannot recover.

### Twelfth Defense

Plaintiff's alleged speech was not spoken as a citizen on a matter of public concern. Moreover, his interests in his alleged speech, combined with the interests of the public, are outweighed by Hudson and Braga's interests in the efficient performance of the Hudson Police Department.

### Thirteenth Defense

Neither Hudson nor Braga deprived Plaintiff of any rights secured by the Constitution or laws of the United States and, therefore, Plaintiff cannot recover.

### Fourteenth Defense

If Plaintiff's communications involved a matter of public concern (which Hudson and Braga deny), then Braga's communications regarding Plaintiff were made in his capacity as public officials on a matter of public concern and, therefore, are privileged.

### Fifteenth Defense

Plaintiff has unclean hands and, therefore, is not entitled to equitable relief.

### Sixteenth Defense

Plaintiff cannot make the requisite showing under Fed. R. Civ. P. 65 and, therefore, is not entitled to injunctive relief.

### Seventeenth Defense

Plaintiff's claims against the Hudson and Braga are barred by the applicable statutes of limitations.

### Eighteenth Defense

Plaintiff failed to exhaust his administrative remedies and, therefore, cannot recover against Hudson or Braga.

### Nineteenth Defense

Plaintiff cannot recover under Count IV because one cannot be held liable for intentional interference with a contract to which he is a party. Legoff v. Trustees of Boston University, 23 F. Supp. 2d 120, 129 (D. Mass. 1998).

### Twentieth Defense

Plaintiff's claim are subject to *res judicata,* issue preclusion or both given the determination by the Department of Employment and Training.

### Twenty-First Defense

Hudson and Braga are entitled to costs due to the unwarranted nature of this action.

### Twenty-Second Defense

Hudson and Braga are entitled to attorneys fees because this action is frivolous, unreasonable or without foundation.  See Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978).

### Twenty-Third Defense

Plaintiff's recovery, if any, will be offset by the amount of money (or some portion thereof) Plaintiff collected from the Department of Employment and Training.

### JURY DEMAND

Hudson and Braga demand a trial by jury on all issues so triable.

Defendants,
TOWN OF HUDSON and
RICHARD BRAGA,
By their attorneys,

John J. Davis, BBO #115890
Daniel G. Skrip, BBO #629784
**PIERCE, DAVIS & PERRITANO, LLP**
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: February 4, 2005

I hereby _____ py of the above documc_ _was served upon (each party appearing pro _se and) the attorney of rec__ d for each (other) party by mail four tby h_ _ 2-7-05

-5-