UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 FEB -8  P 12: 44

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| DANIEL P. SHEEHAN<br>   Plaintiff,<br><br>v.<br><br>TOWN OF HUDSON, DAVID FRENCH,<br>individually and as Lieutenant in the Hudson<br>Police Department; RICHARD BRAGA,<br>individually and in his capacity as Chief of the<br>Hudson Police Department and DAVID<br>STEPHENS, individually and in his capacity<br>as Captain of the Hudson Police Department.<br>   Defendants, | CIVIL ACTION NO. 04-12206-RGS |

## DEFENDANTS, DAVID STEPHENS AND DAVID FRENCH'S ANSWER AND JURY CLAIM

The defendants, David Stephens and David French, hereinafter ("Defendants") answer the plaintiff's complaint as follows:

1. The defendants admit the allegations contained in paragraph 1 of the plaintiff's complaint.

2. The defendants admit the allegations contained in paragraph 2 of the plaintiff's complaint.

3. The defendants admit the allegations contained in paragraph 3 of the plaintiff's complaint.

4. The defendants admit the allegations contained in paragraph 4 of the plaintiff's complaint.

5. The defendants admit the allegations contained in paragraph 5 of the plaintiff's complaint.

6. The Defendants neither admit or deny the allegations contained in paragraph 6 of the plaintiff's complaint as it is a statement of jurisdiction. To the extent that there are factual allegations contained therein, those allegations are denied.

## FACTUAL ALLEGATIONS

7. The Defendants admit the allegations contained in paragraph 7 of the plaintiff's complaint.

8. The Defendants deny the allegations contained in paragraph 8 of the plaintiff's complaint.

9. The Defendants deny the allegations contained in paragraph 9 of the plaintiff's complaint.

10. The Defendants deny the allegations contained in paragraph 10 of the plaintiff's complaint.

11. The Defendants deny the allegations contained in paragraph 11 of the plaintiff's complaint.

12. The Defendants deny the allegations contained in paragraph 12 of the plaintiff's complaint.

13. The Defendants deny the allegations contained in paragraph 13 of the plaintiff's complaint.

14. The Defendants deny the allegations contained in paragraph 14 of the plaintiff's complaint.

15. The Defendants deny the allegations contained in paragraph 15 of the plaintiff's complaint.

## COUNT I.

16. The Defendants reassert their responses to paragraphs 1-15.

17. The Defendants deny the allegations contained in paragraph 17 of the plaintiff's complaint.

18. The Defendants deny the allegations contained in paragraph 18 of the plaintiff's complaint.

19. The Defendants deny the allegations contained in paragraph 19 of the plaintiff's complaint.

20. The Defendants deny the allegations contained in paragraph 20 of the plaintiff's complaint.

21. The Defendants deny the allegations contained in paragraph 21 of the plaintiff's complaint.

22. The Defendants deny the allegations contained in paragraph 22 of the plaintiff's

complaint.

## COUNT II.

23. The Defendants reassert their responses to paragraphs 1-23.

24. The Defendants deny the allegations contained in paragraph 24 of the plaintiff's complaint.

25. The Defendants deny the allegations contained in paragraph 25 of the plaintiff's complaint.

## COUNT III.

26. The Defendants reassert their responses to paragraphs 1-25.

27. The Defendants deny the allegations contained in paragraph 27 of the plaintiff's complaint.

28. The Defendants deny the allegations contained in paragraph 28 of the plaintiff's complaint.

29. The Defendants deny the allegations contained in paragraph 29 of the plaintiff's complaint.

## COUNT IV.

30. The Defendants reassert their responses to paragraphs 1-29.

31. The Defendants deny the allegations contained in paragraph 30 of the plaintiff's complaint.

32. The Defendants deny the allegations contained in paragraph 32 of the plaintiff's complaint.

33. The Defendants deny the allegations contained in paragraph 33 of the plaintiff's complaint.

34. The Defendants deny the allegations contained in paragraph 34 of the plaintiff's complaint.

**WHEREFORE**, the defendants demand judgment in their favor together with interest, costs and attorney's fees.

## THE DEFENDANTS DEMAND A TRIAL BY JURY

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted, as a result of which, this action should be dismissed with prejudice and with costs to the Defendants.

2. The Plaintiffs is estopped by his own conduct from recovering on this claim.

3. The Defendants say that the injuries or damages alleged were caused in whole or in part by the Plaintiff's conduct.

4. The Defendants say that the injuries or damages alleged were caused in whole or in part by the violation by the Plaintiff of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

5. The Individual Defendants are entitled to qualified immunity.

6. The Defendants' actions were pursuant to standard policy and practice and were reasonable and proper.

7. The Defendants were justified in their conduct and acts and are therefore not liable to the Plaintiff.

8. The plaintiff's claims are preempted by M.G.L. c. 150E and/or Section 301 of the Federal Labor Management Relations Act. 29 U.S.C. §185(a).

9. The Defendants say that their actions were performed according to, and protected by law and or legal process, and that therefore the Plaintiff cannot recover.

10. The Defendants say that they were privileged in their conduct and acts and therefore the Plaintiff cannot recover.

11. The Defendants are entitled to immunity based on good faith in that the harm suffered by the Plaintiff was not a result which a reasonable person in Defendants' position would have known to result from their actions.

12. The Defendants state that at all times relevant hereto they had acted without malice toward the Plaintiff and that their actions relative to the Plaintiff were privileged by virtue of their acting reasonably and in good faith within the scope of their authority as Police officers.

13. The individual Defendant has qualified immunity from this suit as the alleged acts complained of occurred within the scope of the Defendants's official duties and the Defendant has no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of the Plaintiff's rights at the time that they were committed.

14. The plaintiff's alleged speech was not spoken as a citizen on a matter of public concern.

15. At all times relevant hereto, the individual Defendant was a police officers acting within the scope of his authority, and if physical contact was made between the Defendant and the Plaintiff, such conduct was a fair and reasonable exercise of the Defendant's police powers and is therefore immune from liability and or an award of monetary damages.

16. The Defendants' conduct or actions were not the proximate cause of the plaintiff's alleged injuries.

17. The Plaintiff has failed to state a cause of action under 42 U.S.C. section 1983 because the Plaintiff has suffered no deprivation of due process in that law affords the Plaintiff an adequate remedy.

18. The plaintiff has failed to exhaust his administrative remedies prior to filing suit.

19. The plaintiff has failed to bring his claim within the applicable statute of limitations and therefore, his claim is barred.

20. The plaintiff has failed to comply with F.R.Civ.P. 12(b)(5).

21. The plaintiff cannot make the requisite showing under Fed.R.Civ. P. 65 and, therefore, is not entitled to injunctive relief.

Defendants, David Stephens and David French
by their attorneys,

_____
Douglas I. Louison    BBO# 545191
James W. Simpson, Jr. BBO#634344
MERRICK, LOUISON & COSTELLO, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

I, James W. Simpson, Jr., certify that on the ___7th___ day of February 2005, I served the foregoing on counsel of record.

_____
James W. Simpson, Jr.